IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHARLES LARRY HUNNICUTT,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:20-CV-3375-L-BT** |
| § | |
| **DIRECTOR, TDCJ-CID,**[1] § | |
| § | |
| Respondent. § | |

# ORDER

On December 15, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 41) was entered recommending that the court dismiss with prejudice this habeas action that was brought by Petitioner, pursuant to 28 U.S.C. § 2254, to assert claims regarding the denial of parole and rehabilitative treatment and his contention that he should be released from state prison because his confinement has exposed him to COVID-19. The Report further recommends that the court deny any pending motions as moot.

On January 4, 2022, the court received Petitioner's Motion for Extension of Time to File Objections (Doc. 44), which is dated December 28, 2021, and seeks an additional 30 days to file objections to the Report because his jail unit is currently on "lock down" due to the recent surge in COVID-19 cases. The court normally grants initial requests for extension like this that are filed before expiration of the objection deadline. The court, however, determines that the motion should be denied. Contrary to Petitioner's assertion, the docket sheet in this case reflects that the "lock down" of Petitioner's jail unit due to the recent surge in COVID-19 cases has not affected or slowed

---

[1] All claims by Plaintiff against the John Doe Defendants and the Pardons and Paroles Board Members were severed from this habeas action on June 24, 2021 (Doc. 34).

**Order – Page 1**

his prolific filings in this case. Before issuance of the Report, Petitioner filed 22 motions or documents in this case. During the short time after issuance of the Report on December 15, 2021, and before expiration of the deadline for filing objections, Petitioner managed to filed three additional motions or documents: (1) a Motion for Court Ruling and Order on his previously-filed Motion for Discovery and Hearing (Doc. 42), which was docketed on December 17, 2021; (2) Petitioner's First Set of Interrogatories (Doc. 43), which was docketed on December 28, 2021; and (3) the Motion for Extension of Time.  That Petitioner was able to file three motions or documents during the 14-day period for filing objections undermines his assertion that the current "lock down" has impeded his ability to file objections to the Report within the time required.  Moreover, his grounds for relief fail as a matter of law because, as correctly noted by the magistrate judge, they are not cognizable in federal habeas proceedings. No amount of additional time for filing objections will change this.   Petitioner's Motion for Extension of Time to File Objections (Doc. 44) is, therefore, **denied**.

Having considered Petitioner's habeas petition (Doc. 3, 5), the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.   Accordingly, the court **denies** Petitioner's habeas petition (Doc. 3, 5), and it **dismisses with prejudice** this habeas action and all claims asserted by Petitioner. In light of this ruling, the court also **denies as moot** all pending motions by Petitioner (Docs. 26, 39, 42) and **directs** the clerk of the court to term these motions.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court **denies** a certificate of appealability.[2]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court **accepts and incorporates** by reference the Report.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 5th day of January, 2022.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Order – Page 3